**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000254
16-AUG-2023
08:10 AM
Dkt. 80 SO**

NO. CAAP-18-0000254


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER OF CATHERINE ELABAN,
Complainant-Appellant/Appellant v.
DEPARTMENT OF TRANSPORTATION, STATE OF HAWAIʻI; AND
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFLCIO,
Respondents-Appellees/Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC17-1-001420)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Complainant-Appellant/Appellant Catherine Elaban

(**Elaban**) appeals from the Circuit Court of the First Circuit's

February 28, 2018 "Decision and Order Affirming [State of

Hawaiʻi] Labor Relations Board [(**Labor Board**)] Order No. 3280"

and judgment.[1]  The Labor Board's Order No. 3280 granted

_____

[1]  The Honorable Keith K. Hiraoka presided.

Respondents-Appellees/Appellees United Public Workers, AFSCME, Local 646, AFL-CIO's (**UPW**) and the State of Hawaiʻi, Department of Transportation's (**DOT**) motions to dismiss Elaban's prohibited practice complaint for failure to exhaust the available contractual remedies.

On appeal, Elaban raises a single point of error challenging the Labor Board's determination that she failed to exhaust the remedies provided in the collective bargaining agreement. We review appeals from administrative decisions under Hawaii Revised Statutes (**HRS**) § 91-14(g) (Supp. 2016).[2]

---

[2]  HRS § 91-14(g) provides:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1)  In violation of constitutional or statutory provisions;
>
> (2)  In excess of the statutory authority or jurisdiction of the agency;
>
> (3)  Made upon unlawful procedure;
>
> (4)  Affected by other error of law;
>
> (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve Elaban's point of error as discussed below, and affirm.

**(1)** Elaban first argues that making her "exhaust the grievance procedure a second [time] for the same offense resulting in termination approximately three years after the initial proposed discharge [is] unconscionable."

"In labor relations law, the general rule is that an employee is required to exhaust contractual remedies before bringing suit." Poe v. Hawaiʻi Lab. Rels. Bd. (**Poe I**), 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002). Section 15.11 of the collective bargaining agreement provided in relevant part as follows:

> **15.11**     **STEP 1 GRIEVANCE**
> The grievance shall be filed with the department head or the department head's designee in writing as follows:
>
> **15.11 a.**     Within eighteen (18) calendar days after the occurrence of the alleged violation. The term "after the occurrence of the alleged violation" as provided in Section 15.11 a. shall mean:
>
> **15.11 a.1.**     Discharge: Eighteen (18) calendar days after the effective date of the discharge.
>
> . . . .
>
> **15.11 a.4.**     Other Alleged Violation(s): Eighteen (18) calendar days after the alleged violation(s) occurred . . . .

In January 2015, DOT sent Elaban a letter discharging her, effective February 20, 2015 (**February 20, 2015 Discharge**),

for failure to comply with the recommended rehabilitation treatment after testing positive for a controlled substance. In the same letter, DOT offered Elaban an opportunity to participate in a pre-discharge hearing, but Elaban failed to timely respond.

In March 2015, UPW filed a Step 1 grievance on Elaban's behalf challenging the February 20, 2015 Discharge, claiming she was denied "her due process by arbitrarily imposing a deadline to confirm her attendance at a pre-discharge meeting, by denying [her] the opportunity to respond to the allegations against her, and by discharging her without just and proper cause." DOT denied the Step 1 grievance, determining that (1) it did not arbitrarily impose a deadline, (2) Elaban called two days after the deadline, and (3) it did not violate the terms of the collective bargaining agreement.

In August 2016, UPW filed a Step 2 grievance. Although DOT again denied violating the collective bargaining agreement, it informed UPW that it would rescind Elaban's February 20, 2015 Discharge and conduct a pre-discharge hearing.

In February 2017, DOT sent Elaban a letter informing her that she was being discharged, effective March 10, 2017 (**March 10, 2017 Discharge**), and offering her an opportunity to participate in a pre-discharge hearing. On March 3, 2017, DOT held a pre-discharge hearing, which Elaban and a UPW agent

4

attended. DOT then notified Elaban that after hearing her testimony and the arguments made by her UPW agent, the March 10, 2017 Discharge would stand.

Again, Sections 15.11 and 15.11 a.1 of the collective bargaining agreement provided "[t]he grievance shall be filed with the department head or the department head's designee in writing as follows: . . . Discharge: Eighteen (18) calendar days after the effective date of the discharge." Elaban, through UPW, filed a timely grievance from the February 20, 2015 Discharge, and succeeded in having that discharge rescinded so a pre-discharge hearing could be conducted. Elaban, however, did not file a grievance challenging the March 10, 2017 Discharge. Findings of Fact (**FOF**) e and i; Poe I, 97 Hawai'i at 536, 40 P.3d at 938 (explaining that "[u]nchallenged findings are binding on appeal").

Thus, as to the March 10, 2017 Discharge, the Labor Board's decision that Elaban failed to exhaust her contractual remedies does not require reversal under HRS § 91-14(g).

**(2)** Next, Elaban explains that "when the union wrongfully refuses to pursue an individual grievance, the employee is not left without recourse. Exceptions to the exhaustion requirement exist, such as when pursuing the contractual remedy would be futile." Elaban then argues an

exception is UPW['s] wrongful refusal to process a grievance when [she] asked [Business Agent Amie **Miranda-Pesquira**] of UPW to file a grievance on her behalf and [Miranda-Pesquira] (or anyone else on behalf of UPW) failed to communicate (1) that UPW was not going to file a grievance [on her] behalf, and/or (2) that [she] should file a grievance on her own behalf.

Although exhaustion of administrative remedies is the general rule, "exceptions to this doctrine exist, such as when pursuing the contractual remedy would be futile." Poe I, 97 Hawaiʻi at 536, 40 P.3d at 938. A "wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation[.]" Vaca v. Sipes, 386 U.S. 171, 186 (1967). "A union breaches its duty of [fair representation] when its conduct towards a member of a collective bargaining unit is arbitrary, discriminatory, or in bad faith." Poe v. Hawaiʻi Lab. Rels. Bd. (**Poe II**), 105 Hawaiʻi 97, 104, 94 P.3d 652, 659 (2004).

The Labor Board found that "Miranda-Pesquira testified under oath that . . . [Elaban] never responded to her question concerning whether [Elaban] wanted UPW to file a grievance on her behalf, nor did [Elaban] request that the union UPW file a grievance on her behalf." FOF f. And "at no time after her conversation with [Miranda-Pesquira] on March 21, 2017 did [Elaban] ever contact the Respondent UPW to inquire as to

whether a grievance was filed on her behalf." FOF k. Elaban does not challenge these findings in her point of error, and "[u]nchallenged findings are binding on appeal." Poe I, 97 Hawai'i at 536, 40 P.3d at 938.

Moreover, while Elaban argues on appeal that it was illogical for the board to conclude she "never asked for a grievance to be initiated despite faxing a copy of the March 9, 2017 discharge" letter, this argument goes to witness credibility and weight of the evidence. See Sierra Club v. D.R. Horton-Schuler Homes, LLC, 136 Hawai'i 505, 522, 364 P.3d 213, 230 (2015) ("A court reviewing an agency's decision cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the finding of an expert agency in dealing with a specialized field.") (cleaned up).

Finally, section 15.03 a. of the collective bargaining agreement provided that "[a]n [e]mployee may process a grievance and have the grievance heard without representation by the Union[.]" The Labor Board found that Elaban testified under oath that "she was aware that the [collective bargaining agreement] . . . required that a grievance be filed within eighteen (18) days from the date of an alleged violation of the

7

[collective bargaining agreement,]" "she received the Notice of Discharge on March 10, 2017[,]" and "she did not file a grievance after receiving the Notice of Discharge[.]" FOF g, i, and j. Elaban does not challenge these findings.

Given these unchallenged findings, the Labor Board's conclusion that "[t]here has been no showing of an exception to the doctrine of exhaustion of contractual remedies, such as when exhaustion would be futile[,]" does not require reversal under HRS § 91-14(g). In sum, the circuit court did not err in affirming the Labor Board's Decision Order No. 3280.

Based on the foregoing, we affirm the circuit court's February 28, 2018 decision and order and judgment.

DATED: Honolulu, Hawaiʻi, August 16, 2023.

On the briefs:

Shawn A. Luiz,
for Complainant-
Appellant/Appellant.

Herbert R. Takahashi,
Rebecca L. Covert,
for Respondent-
Appellee/Appellee,
United Public Workers,
AFSCME, Local 646, AFL-CIO.

James E. Halvorson,
William M. Levins,
Deputy Attorneys General,
for Respondent-
Appellee/Appellee,
Department of Transportation,
State of Hawaiʻi.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge